# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Elizabeth Smith,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0105** (Nicholas County 17-C-141)

**Nicholas Old Main Foundation,**
**Regional Education Service Agency, and**
**Nicholas County Board of Education,**
**Defendants Below, Respondents**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Elizabeth Smith, by counsel Anthony M. Salvatore, appeals the Circuit Court of Nicholas County's March 25, 2019, order granting Nicholas Old Main Foundation's ("Old Main") motion for summary judgment on petitioner's negligence claim. Old Main, by counsel Kermit J. Moore and Taylor W. Bohon, filed a response and supplemental appendix.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 7, 2017, petitioner traveled to Old Main for a meeting. Petitioner recalled that "[i]t was very cold" on that day, and "[t]here was a little snow in the parking lot" of Old Main. Petitioner parked, and as she exited her car, she observed that "it was powdery[,] [t]here was a powdery covering" in the parking lot.[2] Petitioner took no more than ten steps after exiting her car when, "in the blink of an eye, [she] was on the ground." Petitioner sustained a broken ankle during the fall, which necessitated surgery. She filed suit against Old Main, claiming that it was negligent in failing to clear ice and snow from the parking lot and in failing to keep the premises in a safe and appropriate manner.

---

[1] By order entered on October 31, 2019, respondents Regional Education Service Agency and Nicholas County Board of Education were dismissed from this matter.

[2] Petitioner confirmed that the powdery substance was snow.

1

Old Main moved for summary judgment, arguing that it owed no duty to petitioner in light of the open and obvious nature of the snow and ice on the parking lot. The circuit court granted Old Main's motion, finding that petitioner "saw there was snow and ice on the parking lot, and that she had taken about ten steps before she fell. [Petitioner] knew the ice and snow was present and, therefore, it was open and obvious." This appeal followed.

Ordinarily, we review a circuit court's entry of summary judgment de novo, syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994); however, we decline to address petitioner's lone assignment of error—that the circuit court erred in granting summary judgment—due to her failure to comply with Rule 10 of the West Virginia Rules of Appellate Procedure.

A petitioner's brief

must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.

*Id.*, W. Va. R. App. P. 10(c)(7). The Rule further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.*

Petitioner's brief fails to comply with nearly every component of this Rule. Although she cites to law generally applicable to summary judgment motions, petitioner's argument fails to exhibit the points of fact and law presented relative to premises liability, fails to include the applicable standard of review, and cites no authority pertaining to premises liability, duty, or even negligence generally.[3] Additionally, although petitioner cites to Rule 56 of the West Virginia Rules of Civil Procedure, and therefore recognizes the requirement that a party's opposition to a properly supported motion for summary judgment "set forth specific facts showing that there is a genuine issue for trial," she fails to include appropriate and specific citations to the record on appeal demonstrating the existence of genuine issues of material fact. Indeed, there are no citations to the record on appeal in any portion of her brief. Accordingly, petitioner's bare assertion that "an issue of fact existed as to whether [petitioner] seeing the snow acted to place her on notice of the ice, beneath the snow," is insufficient to preserve her claim for appeal. W. Va. R. App. P. 10(c)(7) ("The Court may disregard errors that are not adequately supported by specific references to the record on appeal."); *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really

---

[3] Notably, petitioner fails to address West Virginia Code § 55-7-28(a), which provides that

[a] possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

2

nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman